## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **KARINA GARCIA,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.** |
| ) | FILED: SEPTEMBER 2, 2008 |
| **v.** ) | 08CV4973 |
| ) | JUDGE NORGLE |
| **OASIS LEGAL FINANCE OPERATING** ) | MAGISTRATE JUDGE BROWN |
| **COMPANY, LLC., d/b/a OASIS LEGAL** ) | EDA |
| **FINANCE, LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, Karina Garcia, by and through her attorneys, O'Malley & Madden, P.C., complains of Defendant Oasis Legal Finance Operating Company, LLC, d/b/a Oasis Legal Finance, LLC, a Delaware corporation, as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1.    This is an action for damages to redress the deprivation of rights secured to Plaintiff by The Equal Pay Act, 29 U.S.C. §206 et. seq.

2.    Jurisdiction is invoked pursuant to the provisions of 29 U.S.C. §206 and 28 U.S.C. §1343.

3.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(a) and (b) because Plaintiff is a resident of the United States residing in said district and the events giving rise to this action within said judicial district.

### PARTIES

4.    Plaintiff Karina Garcia (hereinafter "Plaintiff" or "Garcia") is a female citizen and resident of the State of Illinois, and was formerly employed by Defendant.

5.      Defendant Oasis Legal Finance Operating Company, LLC, d/b/a Oasis Legal Finance, LLC (hereinafter "Defendant" or "Oasis") is a Delaware corporation authorized to do business in Illinois and operates its business at 40 N. Skokie Boulevard, in Northbrook, Illinois.

6.      Defendant's business involves the lending of cash advances to individual and commercial litigants on their pending cases or settlements, as well as offering litigation funding to law firms.

## FACTUAL ALLEGATIONS

7.      Plaintiff began employment with Defendant in or around July 2004, in the position of Customer Service Representative.

8.      Upon hire, Plaintiff was paid an annual salary of $27,000.00.

9.      At least one male employee was hired as a Customer Service Representative at a higher level of compensation than Plaintiff was paid upon her hire notwithstanding that he had less experience and less education than Plaintiff.

10.     In 2007, this higher paid male employee became Plaintiff's subordinate reporting directly to her.

11.     During her employment, Plaintiff was promoted to other positions and received increased responsibility.  With each new role, Plaintiff was given greater job duties and more substantial responsibility than male employees in subordinate or equal roles.

12.     Upon information and belief, Plaintiff was paid less than male employees with similar or lesser job duties and responsibilities.

13.     At or around the time of Plaintiff's three-year anniversary of employment with Defendant, Plaintiff requested a pay increase, however, Defendant denied Plaintiff's request claiming that employees were only eligible for pay increases at their annual review which

typically takes place for each employer in at the start of the calendar year.

14.     Upon information and belief, the same policy was not applied to male employees notwithstanding that Plaintiff performed work requiring equal or greater skill, effort, and responsibility to that performed by males in other similar or lower-level positions with Defendant who were given pay raises outside of an annual review period.

15.     In 2007, the higher paid male subordinate received a pay increase that was not tied to his annual review increasing his compensation to a rate greater than Plaintiff's, notwithstanding that he performed work requiring equal or lesser skill, effort, and responsibility than Plaintiff.

16.     In or around December 2007, Defendant became apprised of allegations of fraudulent accounting and authorization practices.  Specifically, the allegations suggested that employees were not following correct procedures in obtaining client signatures when authorizing loans.

17.     In response, Defendant created an *ad hoc* team to investigate the allegations and conduct an internal audit.

18.     Plaintiff, who Defendant recognized as reliable, detail-oriented, and thorough, was entrusted to lead the internal audit team beginning in December 2007.

19.     In her role leading the audit team, Plaintiff investigated allegations into the practices and procedures of the contract team led by her higher paid male subordinate.

20.     As she had throughout her employment, Plaintiff discharged her duties on the internal audit team successfully.

21.     The internal audit was concluded in December 2007; Defendant informed Plaintiff that the audit team would become permanent and Plaintiff would remain on the team.

22.     In her most recent performance review following the conclusion of the internal audit, Plaintiff was rated "Excellent" or "Good" in four of six categories of evaluation; she received a "Satisfactory" rating in the remaining two categories.

23.     Plaintiff's status as the most senior employee was also noted in her performance review and she was encouraged to take on increased responsibility and leadership.

24.     On January 25, 2008, Plaintiff's employment was terminated.

25.     In her termination meeting Plaintiff was told that she was being included in a company-wide layoff as there was no longer a place for her; that same day, several other employees were terminated.

26.     At the time that Plaintiff was laid off, Plaintiff's performance was never discussed as an issue or reason for including her in the layoff.

27.     Like other employees laid off at that time, Plaintiff was offered a severance.

28.     Defendant offered Plaintiff a severance equal to five weeks of pay at her salary.

29.     Plaintiff's higher paid male subordinate who performed work requiring equal or less skill, effort, and responsibility than Plaintiff was offered a severance that was greater in value than the severance offered to Plaintiff.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT

30.     Plaintiff re-alleges paragraphs 1 through 33 and incorporates them as if fully set forth herein.

31.     The Equal Pay Act, 29 U.S.C. §206, et. seq., makes it unlawful to compensate female employees at a rate less than male employees for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar

working conditions.

32.    The disparity in Plaintiff's compensation, including in her wages, raises, rate of pay, and severance offer, constituted violations of the Equal Pay Act.

33.    Defendant's refusal to raise Plaintiff's salary when she requested interim raises further perpetuated past discriminatory disparity in wages and was in itself a discriminatory disparity in compensation in violation of the Equal Pay Act.

34.    Defendant lacked any good-faith basis for its discriminatory compensation differentials, nor did it have reasonable grounds to believe that said differentials were not in violation of the statute.

35.    Defendant's violation of the Equal Pay Act was willful in that Defendant violated the statute with knowledge and/or with reckless disregard for the statute.

36.    As a direct proximate cause and consequence of the conduct of Defendant as alleged herein, Plaintiff suffered loss of wages and benefits.

37.    Plaintiff demands to exercise her right to a jury trial of this matter.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant and prays for relief in the form of:

a.    An Order awarding the difference between wages paid Plaintiff and those paid to prior and subsequent similarly situated male counterparts performing work requiring equal or lesser skill, effort, and responsibility under similar working conditions as Plaintiff, during the maximum time period allowable under the statute in view of Defendant's willful violation of same;

b.   Awarding Plaintiff as liquidated damages an additional amount equal to said

difference;

c.   Awarding Plaintiff her attorney's fees and costs; and

d.   Any and all other relief as this Court deems just in the premises.

Respectfully submitted,
KARINA GARCIA


s/ Ylda Marisol Kopka
Attorney for the Plaintiff

M. Megan O'Malley
John P. Madden
Ylda M. Kopka
O'Malley & Madden, P.C.
542 So. Dearborn St., Ste. 660
Chicago, Illinois  60605
(312) 697-1382
jmadden@ompclaw.com