**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KARINA GARCIA, | ) |
| | ) |
| Plaintiff, | )     08 C 4973 |
| | ) |
| v. | ) |
| | )     Hon. Charles R. Norgle |
| OASIS LEGAL FINANCE OPERATING | ) |
| COMPANY, LLC, d/b/a OASIS LEGAL | ) |
| FINANCE, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court are Defendant's Motion to Strike Plaintiff's Purported Acceptance of

Offer of Judgment and Plaintiff's Cross-Motion for Judgment in Plaintiff's Favor and Against

Defendant. For the following reasons, Defendant's Motion is denied and Plaintiff's Motion is

granted..

**I. BACKGROUND**

Plaintiff Karina Garcia ("Garcia" or "Plaintiff") filed a one-count Complaint against

Defendant Oasis Legal Finance Operating Company ("Oasis" or "Defendant") on September 2,

2008. Garcia asserts violations of the Equal Pay Act, 29 U.S.C. § 206 et seq., and requests, inter

alia, the following relief: an Order awarding her the difference between wages paid to her and

those paid to similarly situated male employees, and attorneys' fees and costs. Oasis answered

the Complaint on November 15, 2008, denying the material allegations.

1

On November 20, 2008, Oasis' attorney mailed a Rule 68 Offer of Judgment to Garcia's

counsel. Oasis' attorney also faxed a copy of this Offer to Garcia's counsel on that same date.

This Offer reads in its entirety:

> As you know our firm represents Oasis Legal Finance, LLC, and Oasis Legal Finance
> Operating, LLC in reference to the above captioned matter. This letter is being
> written to you pursuant to F.R.C.P. 68, "Offer of Judgment". Please be advised that
> pursuant to F.R.C.P. 68 the defendants offer judgment to the plaintiff, Karina Garcia,
> in the sum of $3,850.00. Pursuant to F.R.C.P. 68, your client has ten (10) days to
> accept the offer in judgment as set forth herein. If you have any questions, please
> contact me. Thank you.

Ex. 1, Def.'s Mot. to Strike. On December 8, 2008, Plaintiff's attorney submitted a letter to

Defendant's counsel accepting the Offer. This letter reads in its entirety:

> This letter is in response to Defendant's offer of judgment which was served via U.S.
> mail on November 20, 2008. Your letter provided only that "defendants offer
> judgment to the plaintiff, Karina Garcia, in the sum of $3,850.00"in connection with
> Ms. Garcia's cause of action under the Equal Pay Act in the above referenced federal
> case. Because the offer of judgment is for an amount in excess of the value of
> Plaintiff's Equal Pay Act claim, Plaintiff hereby accepts the offer of judgment as
> stated for her currently pending federal action. Since Defendant's offer made no
> reference to costs or attorney's fees, Plaintiff will proceed with a petition for fees and
> costs as to this cause of action upon entry of the judgment. Plaintiff's claims under
> Title VII and the Illinois Human Rights Act remain under investigation at the
> EEOC/IDHR and cannot be resolved through the offer of judgment. If you wish to
> discuss those claims as the investigation moves forward, please feel free to call me.

Ex. 2, Def.'s Mot. to Strike.

Oasis then filed the instant Motion to Strike Plaintiff's Purported Acceptance of Offer of

Judgment. Oasis initially asserted that Garcia had not timely accepted its Offer of Judgment, but

Oasis has abandoned this argument following Garcia's Response in Opposition to the Motion to

Strike. After reviewing Garcia's Response, the court determines that her purported acceptance of

Oasis' Offer of Judgment was timely. Oasis now argues that Garcia's purported acceptance

2

should be stricken because, under the law, it is not in fact an acceptance, but is rather a rejection and a counter-offer, which is impermissible under Rule 68. The Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Rule 68 of the Federal Rules of Civil Procedure provides that a defendant may make an Offer of Judgment before trial.

> More than 10 days before trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

F.R.C.P. 68(a). The consequences of rejecting an Offer of Judgment can be significant. "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." F.R.C.P. 68(d); see also Amati v. City of Woodstock, 176 F.3d 952, 957 (7th Cir. 1999) ("A plaintiff who turns down the [Rule 68] offer and then does worse at trial has to pay the defendant's costs (and his own) . . . Rule 68 bites only when the plaintiff wins but wins less than the defendant's offer of judgment.").

The cost-shifting provision of Rule 68 "is designed to provide a disincentive for plaintiffs from continuing to litigate a case after being presented with a reasonable offer." Payne v. Milwaukee County, 288 F.3d 1021, 1024 (7th Cir. 2002). Because rejecting a Rule 68 Offer has potentially serious consequences for the plaintiff, and because the plaintiff who accepts a Rule 68 Offer gives up its right to a trial, courts typically construe any ambiguities in Rule 68 Offers

3

against the defendant. <u>Nordby v. Anchor Hocking Packaging Co.</u>, 199 F.3d 390, 391-92 (7th Cir. 1999) (citing <u>Webb v. James</u>, 147 F.3d 617, 623 (7th Cir. 1998)).

Whether a Rule 68 Offer includes attorneys' fees is a potential ambiguity. <u>Nordby</u>, 199 F.3d at 392 ("'judgment' can mean either the substantive relief ordered (whether legal or equitable), or that plus attorneys' fees."). Where one or more of the counts in the complaint specifically request attorneys' fees, and the Offer unambiguously indicates that it covers those counts, however, the Offer is unambiguous: the amount specified in the Offer includes attorneys' fees. <u>Id.</u> The Offer need not "use the magic words 'attorneys' fees'" in order to encompass those fees; it need only be "completely unambiguous." <u>Id.</u> The <u>Nordby</u> court cautioned, though, that an unambiguous Offer going to all counts of a complaint could conceivably be interpreted not to include attorneys' fees sought "under a statute or rule or common law principle not cited in any of the counts of the complaint, authorizing an award of fees to a prevailing party." <u>Id.</u> at 392-93.

**B. Defendant's Motion to Strike and Plaintiff's Cross-Motion for Entry of Judgment**

At this stage of the litigation, the court is presented only with Defendant's Motion to Strike and Plaintiff's Cross-Motion for Entry of Judgment. No motion for attorneys' fees has yet been filed. The court has reviewed Defendant's Offer of Judgment and Plaintiff's acceptance, and finds that the Offer was unambiguously made and unambiguously accepted. <u>See id.</u> The court finds that Garcia's acceptance was not a counter-offer. Whether Plaintiff proceeds against Defendant in a state-court administrative proceeding is a matter separate from this federal case. Whether Plaintiff moves the court at some future date for attorneys' fees is a matter distinct from the instant Motions. <u>See id.</u> ("the judgment and the award of attorneys' fees are separate

appealable orders."). Defendant's Motion to Strike is therefore denied, and Plaintiff's Cross-Motion for Summary Judgment is granted.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Purported Acceptance of Offer of Judgment is denied, and Plaintiff's Cross-Motion for Judgment in Plaintiff's Favor and against Defendant is granted. The Clerk is directed to enter judgment in favor of the Plaintiff.

Should Plaintiff ultimately determine that a motion for attorneys' fees is appropriate, Plaintiff shall file the motion on or before February 17, 2009. Defendant shall file a response on or before March 17, 2009, and Plaintiff shall file a reply on or before March 31, 2009. The parties should consult Nordby, 199 F.3d at 390, and the cases cited therein when briefing any motion for attorneys' fees.

IT IS SO ORDERED.

ENTER:

_____

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: January 26, 2009

5