IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARINA GARCIA, ) | |
| ) | |
| Plaintiff, ) | 08 C 4973 |
| ) | |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| OASIS LEGAL FINANCE OPERATING ) | |
| COMPANY, LLC, d/b/a OASIS LEGAL ) | |
| FINANCE, LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Plaintiff Karina Garcia's Motion for Attorneys' Fees. For the following reasons, the Motion is granted. The Court awards Plaintiff attorneys' fees and costs in the amount of $8,820.25.

### I. BACKGROUND

Plaintiff Karina Garcia ("Garcia" or "Plaintiff") filed a one-count Complaint against Defendant Oasis Legal Finance Operating Company ("Oasis" or "Defendant") on September 2, 2008. Garcia asserted violations of the Equal Pay Act, 29 U.S.C. § 206 et seq., and requested, inter alia, the following relief: an Order awarding her the difference between wages paid to her and those paid to similarly situated male employees, liquidated damages, and statutory attorneys' fees and costs. Oasis answered the Complaint on November 15, 2008, denying the material allegations.

1

On November 20, 2008, Oasis' attorney mailed a Rule 68 Offer of Judgment to Garcia's counsel. Defendant's attorney also faxed a copy of this Offer to Garcia's counsel on that same date. This Offer read in its entirety:

> As you know our firm represents Oasis Legal Finance, LLC, and Oasis Legal Finance Operating, LLC in reference to the above captioned matter. This letter is being written to you pursuant to F.R.C.P. 68, "Offer of Judgment". Please be advised that pursuant to F.R.C.P. 68 the defendants offer judgment to the plaintiff, Karina Garcia, in the sum of $3,850.00. Pursuant to F.R.C.P. 68, your client has ten (10) days to accept the offer in judgment as set forth herein. If you have any questions, please contact me. Thank you.

Ex. 1, Def.'s Mot. to Strike. On December 8, 2008, Plaintiff's attorney submitted a letter to Oasis' counsel accepting the Offer. This letter read in its entirety:

> This letter is in response to Defendant's offer of judgment which was served via U.S. mail on November 20, 2008. Your letter provided only that "defendants offer judgment to the plaintiff, Karina Garcia, in the sum of $3,850.00" in connection with Ms. Garcia's cause of action under the Equal Pay Act in the above referenced federal case. Because the offer of judgment is for an amount in excess of the value of Plaintiff's Equal Pay Act claim, Plaintiff hereby accepts the offer of judgment as stated for her currently pending federal action. Since Defendant's offer made no reference to costs or attorney's fees, Plaintiff will proceed with a petition for fees and costs as to this cause of action upon entry of the judgment. Plaintiff's claims under Title VII and the Illinois Human Rights Act remain under investigation at the EEOC/IDHR and cannot be resolved through the offer of judgment. If you wish to discuss those claims as the investigation moves forward, please feel free to call me.

Ex. 2, Def.'s Mot. to Strike.

Oasis then filed a Motion to Strike Plaintiff's Purported Acceptance of Offer of Judgment, asserting Garcia's purported acceptance was not in fact an acceptance, but was rather a rejection and a counter-offer, which is impermissible under Rule 68. Garcia cross-motioned for judgment in her favor. On January 26, 2009, the Court granted Garcia's Motion, denied Oasis'

Motion, and directed the Clerk to enter judgment for Garcia. The Clerk entered judgment on January 27, 2009.

The Court, in its January 26, 2009 Opinion and Order, granted Plaintiff leave to file a motion for attorneys' fees if it was appropriate to do so. Garcia filed her Motion for Attorneys' Fees on February 17, 2009. The Motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

Under the Fair Labor Standards Act ("FLSA"), prevailing plaintiffs in Equal Pay Act cases are to be awarded reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); see also Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999).

District courts are instructed to undertake a three-part analysis when adjudicating motions for fees and costs in FSLA cases. See id. (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). First, the court must determine whether the plaintiff is actually a prevailing party. Spegon, 175 F.3d at 550. A plaintiff having a judgment entered in his or her favor has prevailed within the meaning of 29 U.S.C. § 216(b). Id. Next, the court must determine the amount of a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. Id. (citing Hensley, 461 U.S. at 433 and Bankston v. Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995)). The product of this calculation is referred to as the "lodestar." Spegon, 175 F.3d at 550. Finally, the court may increase or decrease the lodestar amount by considering various factors, "the most important of which is the 'degree of success obtained.'" Id. (quoting Hensley, 461 U.S. at 436).

3

In cases where the plaintiff has accepted a Rule 68 Offer of Judgment, before engaging in the three-part Hensley analysis, the court must first determine whether that acceptance prohibits plaintiff from pursuing a further award of attorneys' fees and costs. Where a Rule 68 Offer of Judgment does not expressly include fees and costs, the general rule is that courts are within their discretion to grant fees and costs in an additional and separate award. Webb v. James, 147 F.3d 617, 622-23 (7th Cir. 1998) (citing Marek v. Chesny, 473 U.S. 1 (1985)). However, when a Rule 68 Offer unambiguously indicates that it encompasses all the relief sought in the complaint, and where one of the counts specifies attorneys' fees as part of the relief sought, attorneys' fees are construed to be part of the Offer, and additional motions for fees may be denied. Nordby v. Anchor Hocking Packaging Co., 199 F.3d 390, 392 (7th Cir. 1999).

## B. Garcia's Motion for Attorneys' Fees

### 1. Oasis' rule 68 offer did not include attorneys' fees

Oasis correctly asserts that its Rule 68 Offer covered the sole Count of Garcia's complaint, and that Garcia's claim sought attorneys' fees as part of the requested relief. The Court must therefore first determine, as a threshold matter, whether Garcia's acceptance of Oasis' Offer of Judgment precludes her from seeking a further award of attorneys' fees.

Oasis contends that Nordby controls. In that case, defendants made a Rule 68 Offer of Judgment "in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint." Nordby, 199 F.3d at 391. Plaintiff accepted the Offer, and moved the district court for a statutory award of attorneys' fees. Id. The court denied the motion, reasoning that the Offer as accepted included fees. Id. On the specific set of facts before it, the Seventh Circuit affirmed, finding that the Offer unambiguously included fees. "'One total sum as to all

4

counts of the amended complaint' can only mean one amount encompassing all the relief sought in the counts. One of those counts specified attorneys' fees as part of the relief sought. That relief was covered by the offer." Id. at 392.

Garcia, on the other hand, asserts that Oasis' Offer of Judgment is more like the one made by defendants in Webb. In that case, defendants' Offer read in its entirety: "The Defendants, Dick James and Dick James Ford, Inc., by their attorneys, Steven C. Wolf and Victoria A. Barnes, hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68." Webb, 147 F.3d at 619. The district court granted plaintiff's separate motion for fees, and the Seventh Circuit affirmed. The Seventh Circuit first noted that, "[o]n its face, the offer did not address costs or fees," id., and later observed that it would have been a simple matter for defendants to "have drafted the offer to signal Webb that it was inclusive of attorney's fees." Id. at 623. Because a Rule 68 Offer puts plaintiffs at risk whether or not they accept it, the Seventh Circuit reasoned, "the defendant must make clear whether the offer is inclusive of fees when the underlying statute provides fees for the prevailing party . . . [T]he plaintiff should not be left in the position of guessing what a court will later hold the offer means." Id. The Seventh Circuit found that the defendants should therefore "bear the burden of the ambiguity created by their silence on fees," and held that the district court could "award an additional amount to cover costs and fees." Id.

In this case, although it is a close call, the Court determines that the Offer of Judgment made by Oasis is more like the one in Webb than the one in Nordby. Here, the Offer of Judgment states in part, "Please be advised that pursuant to F.R.C.P. 68 the defendants offer

judgment to the plaintiff, Karina Garcia, in the sum of $3,850.00." The Offer is silent as to attorneys' fees and costs, and does not include, like the Offer in Nordby, language to the effect that the Offer is "one total sum" as to the entirety of Garcia's requested relief. Moreover, there is no question that it would have been a simple matter for Oasis to clearly indicate in its Offer whether fees were included. A standard Rule 68 Offer of Judgment form published by Bender's Federal Practice includes specific language defendants can use to indicate that costs and fees are included in an Offer of Judgment. 11-68 BENDER'S FEDERAL PRACTICE FORMS NO. 68:3; see also 11-68 BENDER'S FEDERAL PRACTICE FORMS, COMMENT ON RULE 68, ¶ 6 ("it is well established that when an offer is silent about whether the sum specified includes costs and attorney's fees, the silence means that the court will add costs and attorney's fees to the amount stated. An argument that the lump sum was meant to include all costs and attorney's fees will be unavailing."). Because Oasis failed to take the simple step of indicating whether the Offer included fees and costs, Oasis must "bear the burden of [its] ambiguity created by [its] silence on fees." See Webb, 147 F.3d at 619. The Court therefore determines that Garcia's acceptance of Oasis' Offer of Judgment does not preclude her from pursuing an award of fees and costs.

### 2. *Garcia is a prevailing party*

Oasis argues that the relief Garcia received, $3,850.00, is so small that she should not be considered a prevailing party. The Seventh Circuit, however, has clearly indicated that where a plaintiff accepts an Offer of Judgment and judgment is entered in favor of the plaintiff, the plaintiff is a prevailing party, even if the amount is unremarkable. Spegon, 175 F.3d at 550 (plaintiff who accepted a $1,100 Offer of Judgement was determined to be "a prevailing party by virtue of the judgment entered in his favor in this case."). Here, Garcia accepted Oasis' Offer of

Judgment, and the Clerk entered judgment in favor of Garcia. She is therefore the prevailing party in this case, and she entitled to a reasonable award of attorneys' fees.

### 3. The lodestar amount

In calculating the lodestar amount, the Court must multiply the amount of hours reasonably expended on the litigation by a reasonably hourly attorney's rate. Id. Here, Garcia's attorneys John P. Madden ("Madden") and Ylda Kopka ("Kopka") assert that their respective reasonable hourly rates are $300 per hour for Madden and $185 per hour for Kopka. In his affidavit, Madden asserts that he is a founding partner in the firm of O'Malley & Madden, and that this firm focuses on employment discrimination matters. In her affidavit, Kopka asserts that she is an associate attorney at O'Malley & Madden. Affidavits submitted by four Chicago area employment law attorneys indicate that the hourly rates charged by Madden and Kopka are either at or below market rates for similarly experienced practicioners in the employment field of the local legal community. The Court therefore finds that the hourly rates charged by Garcia's attorneys are reasonable.

In their Statement of Attorneys' Fees & Costs, Madden and Kopka itemize in considerable detail the 80.6 hours they spent litigating this case. Kopka, the associate attorney, worked 67.3 hours on this case, while Madden, the partner, worked only 13.3 hours. The Court has examined the Statement of Attorneys' Fees and Costs, and finds that the time these attorneys have spent on this case, including investigating Garcia's claims, drafting and filing the Complaint, corresponding with Garcia and witnesses, responding to Oasis' Motion to Strike, and drafting the instant Motion for Attorneys' Fees, is not unreasonable. The Affidavits submitted by area employment law attorneys also indicate that the time Madden and Kopka spent on this

litigation is reasonable, and the Court agrees. Multiplying the time spent by each attorney by their respective hourly rate, and adding Garcia's retainer fee of $500, the lodestar amount in this case is therefore $16,940.50.

### 4. *Degree of success obtained*

After a district court has determined a lodestar amount, it is within its discretion to raise or lower that award based on the plaintiff's degree of success. Spegon, 175 F.3d at 557 (citing Hensley, 461 U.S. at 436). Where a case involves a single claim, as does the instant case, courts should ask whether "the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Hensley, 461 U.S. at 434. In cases where a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id. at 436.

Here, Oasis asserts, and Garcia does not dispute, that prior to the instigation of this litigation, it offered Garcia $3,850 in severance pay pursuant to a Separation and Release Agreement (the "Agreement"), the same amount it ultimately paid Garcia pursuant to the Offer of Judgment. Garcia has therefore not received an immediate benefit from this litigation in terms of dollars and cents, as Oasis correctly asserts. However, had Garcia accepted Oasis' severance offer, she would have given up numerous legal rights under the Agreement, arguably the most important of which would have been her right to any monetary recovery in her accompanying EEOC proceeding.[1] She would have also been subject to injunctive action and monetary

---

[1] Garcia initially signed the Agreement, but revoked her acceptance within the grace period provided for by the Agreement.

8

penalties in the event that she breached the Agreement. Because Garcia ultimately did not acquiesce to the Agreement, she retains her right to pursue monetary relief in her EEOC case, and she is not subject to adverse consequences for breaching the Agreement. Oasis' argument that Garcia gained nothing from this litigation is therefore unavailing.

On the other hand, Garcia clearly has not received the sort of substantial benefit that would entitle her to 100% of the lodestar amount in this case. The degree of success she achieved, while not entirely insignificant, is partial at best. She did not receive an award of back pay equal to wages paid to similarly situated male counterparts, nor did she receive liquidated damages, as she sought in her Complaint. The Court, in its discretion, therefore reduces the lodestar amount in this case by one-half, to $8,470.25. See Spegon, 175 F.3d at 558-59 (finding that the district court did not abuse its discretion in reducing the lodestar amount by 50% where plaintiff obtained only partial recovery of the relief he sought).

### III. CONCLUSION

For the foregoing reasons, the Court grants Garcia's Motion for Attorneys' fees in the amount of $8,470.25, plus costs in the amount of $350.00, for a total of $8,820.25.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: April 9, 2009

9